IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA, S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS, C.A., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br><br> Defendant-Intervenors, | **NON-CONFIDENTIAL VERSION** <br><br> **Business Proprietary Information has been redacted on p. 3, in the Declaration of Counsel, and in Exhibits 1-6 to the Declaration of Counsel.** <br><br> **Consol. Ct. No. 25-00025** |

**PLAINTIFFS' NON-CONFIDENTIAL RULE 73.2(b) MOTION TO COMPLETE THE AGENCY RECORD**

In their August 26, 2025 Memorandum of Points and Authorities in support of their Rule 56.2 Motion for Judgment on the Agency Record, Plaintiffs contend that the Department of Commerce acted unlawfully in refusing to include in the agency's record three "minor correction" document packages that Industrial Pesquera Santa Priscila, S.A. ("Santa Priscila") and Sociedad Nacional de Galapagos, C.A. ("Songa") submitted at the start of their respective verifications. This Motion seeks an Order under the Alternative Procedure set forth in Rule 73.2(b) that requires Commerce to include in the record the documents in Exhibits 1-6 to the Declaration of Kenneth Hammer that accompanies this Motion. Inclusion is necessary so that

this Court can evaluate whether the rejected corrections were in fact "minor" and whether Commerce's calculations of the resulting countervailing duty margins, which were premised upon rejection of the minor corrections and its resulting application of "adverse facts available" ("AFA"), were supported by substantial evidence.

### A. The Rejected Minor Correction Document Packages Subject to This Motion

The minor correction document packages that Santa Priscila and Songa urge this Court to order Commerce to include in the record are:

1. A minor correction document package that Santa Priscila's shrimp farming affiliate, Produmar, before the start of Santa Priscila's verification concerning the benefit amount that Produmar received under the Government of Ecuador's ("GOE's") Annual Motor Vehicle Tax Reduction Program ("AMVTR" program).

2. A minor correction document package that Songa and its shrimp farming affiliate, Naturisa, submitted before the start of Songa's verification concerning the benefit amounts that Songa and Naturisa received under the GOE's AMVTR program.

3. A minor correction document package that Songa submitted before the start of its verification concerning the benefit amount that it received under the GOE's Investment Contract Program under which it was exempted from payment of the Ecuador's currency outflow tax on imports of raw materials used in the project for which the investment contract was signed.

Each document correction package is attached to the Declaration of Kenneth N. Hammer.

### B. Commerce's Rejection of the Three Minor Correction Document Packages

Santa Priscila's verification began on July 15, 2024. The Verification Report contains the following rejection of the attempted minor correction of Produmar's AMVTR benefit amount:

> At the start of verification, Produmar officials reported that in Santa Priscila's February 16, 2024, Section III questionnaire response at Exhibit PRO-15, Produmar mistakenly reported motor vehicle tax exemptions received under fiscal year [    ], rather than the year of [
> ]. The revised database included [       ] of motor vehicle tax exemptions. We did not accept this correction.

C.R. 314 at 2.

Songa's verification began on July 22, 2024. The Verification Report contains the following rejection of the attempted minor correction of the benefit amounts that Songa and Naturisa received under the AMVTR program:

> At the start of verification, SONGA and Naturisa officials reported that both entities omitted the reporting of vehicle ownership tax exemptions received pursuant to the Motor Vehicle Tax Exemption program. SONGA claimed that it received tax exemptions on [   ] vehicles and Naturisa claimed that is received vehicle tax exemptions on [   ] vehicles. We did not accept these corrections.

C.R. 313 at 2.

Songa's Verification Report also contains the following rejection of the attempted minor correction of the benefit amount received under the GOE's currency outflow tax ("ISD") exemption on purchases of imported materials under its Investment Contract:

> At the start of verification, SONGA officials reported that in SONGA's February 12, 2024, Section III questionnaire response at Exhibit 11 and May 16, 2024, supplemental questionnaire response at Exhibit S2-4(a), they mistakenly reported currency outflow tax (ISD) exemptions on purchases of imported assets and raw materials under the investment contract as received in 2021 instead of the period of investigation (POI). The revised database included [   ] transactions for [   ] imported assets. We did not accept these corrections.

C.R. 313 at 2.

### C. Santa Priscila and Songa Urged Commerce to Include the Rejected Minor Corrections in the Record

After Commerce informed Santa Priscila and Songa that it was rejecting the three minor corrections, the respondents first stated in their Case Brief (at 15) that:

3

> The Department should accept the corrected information related to SONGA's ISD Exemptions on Imported Assets and Raw Materials aspect of benefits received pursuant to its investment contract that SONGA attempted to present at verification and include it in the record, which is required regardless of whether the Department has accepted or rejected it. Failure to include SONGA's minor correction submission could deny SONGA a full and fair opportunity to pursue an appeal of the Department's decision to deny acceptance of this minor correction.

C.R. 317. Songa also provided two calculations of the "magnitude" of the minor correction of the ISD exemption amount to support its assertion that the correction was minor. C.R. 317.

However, the petitioner objected to Songa's inclusion of the corrected benefit amount in these calculations. C.R. 318. Songa responded by urging inclusion of the rejected minor correction information in the record:

> For the reasons explained below, the factual information identified by the Petitioner is not untimely new factual information, but rather, constitutes timely filed corrective information to rectify the minor classification error made in reporting certain tax benefits SONGA reported receiving under its investment contract. Those minor corrections -- or at least all information relevant to analyzing the magnitude of the corrections -- should have been included in the record in the Department's verification report.
>
> Moreover, even if the Department were to conclude that the information identified by the Petitioner meets the definition of "untimely filed factual information," it should allow the information to remain in Ecuadorian Respondents' case brief to allow the Department to consider SONGA's argument that the Department erred in rejecting certain minor corrections presented at verification. It is essential that this information be included in order to support the Department's determination that that the corrections presented by SONGA at verification were not "minor." This is also the only way to ensure SONGA's right to judicial review of any adverse Department determination. A reviewing court must have access to this information in order to determine whether the Department's determination was correct. In other words, acceptance of the Petitioner's argument could deny the Ecuadorian Respondents' right to judicial review of an essential issue because the administrative record would be deficient.

P.R. 434 at 1-2.

Nevertheless, Commerce agreed with the petitioner, and in an October 10, 2024 letter to undersigned counsel rejected Songa's Case Brief, but provided an opportunity for Songa to

4

PUBLIC VERSION – Confidential Information Has Been Redacted

submit a redacted version with deletions that it specified. P.R. 449. Songa then resubmitted its Case Brief with the required redactions, but it once again urged Commerce to grant its request to include the rejected minor correction submission in the record, "which is required regardless whether the Department has accepted or rejected it." Redacted and refiled Case Brief at 15. C.R. 327.

Then, the Songa and Santa Priscila stated in their redacted and refiled Rebuttal Brief (at 68) that:

> The Department should accept the corrected information related to SONGA's, Naturisa's, and Produmar's respective Annual Motor Vehicle Tax benefits that each company attempted to present at verification and include it in the record, which is required regardless of whether the Department has accepted or rejected it. This inclusion is essential in case this aspect of the Final Determination is appealed. In other words, failure to include these minor corrections submissions could deny Santa Priscila and SONGA a full and fair opportunity to pursue an appeal of the Department's decision to deny acceptance of this minor correction.

C.R. 328. The Department failed to acknowledge receipt of, much less respond to, the Plaintiffs' request, which constituted an abuse of discretion and thereby rendered unlawful its finding that the respondents had failed to cooperate to the best of their ability. It also rendered the resulting countervailing duty margin determined using "adverse facts available" unsupported by substantial evidence.

### D. This Court's Precedents Support the Grant of Plaintiffs' Motion

When Commerce rejects minor correction document packages, "there must be a basis in the record for Commerce's finding that {the revised proffered benefits} are not minor corrections and constitute untimely filed factual information." *Guizhou Tyre Co., Ltd. v. United States*, 523 F. Supp. 3d 1312, 1345 (2021). In *Guizhou Tyre*, Commerce's basis for rejection of the minor correction submission was that it identified "more than 40 {previously unreported} grants," each of which could constitute a "potential individual program." The court rejected this explanation:

5

> Given that Commerce rejected all of the information pertaining to the grants presented at verification, there is no information on the record to substantiate the number or amount of grants presented, notwithstanding that Commerce noted that there were "more than 40 grants." IDM at 15, 65. Accordingly Commerce's finding that the number of grants was "extensive," Commerce's estimates of the size of each grant, and Commerce's conclusion that the number and size of the grants presented could not constitute a minor correction are not supported by substantial evidence and are, accordingly, remanded.

*Id.* at 1348-49.

Similarly, the court in *Eregli Demir Ve Celik Fabrikalari T.A.S. v. United States*, 308 F. Supp. 3d 1297, 1327 (2018) held that:

> the court must have some basis upon which to review Commerce's decision that the corrections "were not minor." The court cannot accept Commerce's bare conclusion because it is not supported by substantial evidence. . . . Commerce's determination will be remanded for reconsideration.

In that case, Commerce's sole rationale for rejecting the proffered minor correction was that the corrections "affected most of Colakoglu's U.S. sales." *Id.*

### D. This Court's Recent Decision in the *Bridgestone Americas* Case Further Supports Plaintiffs' Motion to Complete the Record

In *Bridgestone Americas Tire Operations, LLC v. United States*, Slip op. 25-82, Court No. 24-00263 (July 3, 2025), the plaintiff sought the inclusion in the record of three documents that Commerce refused to include when Bridgestone presented them at verification. The exclusion of those documents led Commerce to calculate an antidumping margin of 48.39% based on adverse facts available ("AFA") because Bridgestone allegedly failed to cooperate to the best of its ability in complying with requests for information. Commerce followed this same AFA-based approach with respect to the rejected minor corrections of Santa Priscila and Songa.

After reviewing the affidavits of Bridgestone's counsel who were present at the verification, the court held that the rejected documents "met the statutory definition of 'information presented to or obtained by {Commerce} during the course of the administrative

6

**PUBLIC VERSION – Confidential Information Has Been Redacted**

proceeding" under 19 U.S.C. § 1516a(b)(2)(A)(i). Slip op. at 9. Therefore, "they belong in the administrative record that the court will review on a future motion for judgment on the agency record." *Id.* Moreover, because those documents did not appear in the administrative record filed with the court, "the court identifies 'a reasonable basis to believe the administrative record is incomplete.'" *Id.* (Citation omitted. Emphasis in original.) The court further found that Commerce did not "meaningfully dispute that Bridgestone presented {the documents} during the verification proceeding." *Id.* at 10. The fact pattern with respect to the three minor correction document packages that Commerce rejected at the Santa Priscila and Songa verifications are identical.

The court also held that Section 1516a(b)(2)(A)(i) "does not distinguish between accepted and rejected material." Slip op. at 12. Moreover, Commerce "lacks the power to narrow the statutory scope of judicial review by regulation." *Id.* at 13. Rather, "it is the Congressional mandate that controls the scope of review." *Id.* Finally, the court concluded that it:

> must sometimes review administratively excluded material to determine the lawfulness of its exclusion. This necessarily entails a limited departure from Commerce's own definition of the "administrative record." If Commerce could fix the scope of judicial review through its own decisions about what to include in the record, those decisions themselves would escape review. That would undercut 19 U.S.C. § 1516a(b)(1)'s mandate of broad reviewability.

*Id.* at 14.

### E. Conclusion

Case precedent supports Plaintiffs' motion requesting that this Court direct Commerce to include the three minor correction document packages in the agency record because, otherwise, "How is the court to determine whether the {rejected documents} contained new factual

7

information without looking at the contents of the {documents themselves."} . . . The court needs to know what the Government is asking it to defer to." *Id.* at 15-16.

Respectfully submitted,

/s/ Warren E. Connelly
Warren E. Connelly
Jarrod M. Goldfeder
Kenneth N. Hammer
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C. 20003
(202) 223-3760

Counsel for Industrial Pesquera Santa
Priscila S.A. and Sociedad Nacional de Galápagos,
C.A.

Dated: August 29, 2025

**PUBLIC VERSION – Confidential Information Has Been Redacted**

CERTIFICATE OF COMPLIANCE WITH USCIT RULE 7(f)

Undersigned counsel for the Plaintiffs contacted counsel for the Defendant, United States, and counsel for the two Defendant-Intervenors via email on August 24, 2025 seeking their consent to this motion. Both Defendant-Intervenors declined to consent to this motion. The Defendant has not yet responded to the Plaintiff's request for consent.

/s/ Warren E. Connelly
Warren E. Connelly

Dated: August 29, 2025