**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| **INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br>    **Plaintiff,**<br>  and<br>**AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br>    **Consolidated Plaintiff,**<br>  and<br>**AD HOC SHRIMP TRADE ACTION COMMITTEE,**<br>    **Consolidated Pl.-Intervenor,**<br>  v.<br>**UNITED STATES,**<br>    **Defendant,**<br>  and<br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br>    **Defendant-Intervenors,**<br>  and<br>**INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br>    **Consolidated Def.-Intervenors.** | **Consol. Court No. 25-00025** |

**AD HOC SHRIMP TRADE ACTION COMMITTEE'S RESPONSE IN OPPOSITION TO MOTION TO COMPLETE THE AGENCY RECORD**

Defendant-Intervenor, the Ad Hoc Shrimp Trade Action Committee ("Domestic Producers" or "AHSTAC"), respectfully submits this response in opposition to the motion filed

**Consol. Court No. 25-00025**

by Plaintiffs Industrial Pesquera Santa Priscila, S.A. ("Santa Priscila") and Sociedad Nacional de Galapagos, C.A. ("Songa") requesting an order directing the U.S. Department of Commerce ("Commerce") to "complete" the agency record. *See* Pls.' Rule 73.2(b) Mot. to Complete the Agency R., Aug. 29, 2025 ("Pls. Mot."), ECF 46 (conf.), 47 (public). Because the record before this Court includes all information considered by the agency there is no basis to direct Commerce to "complete" or otherwise "supplement" the record under review in this action. Accordingly, AHSTAC respectfully requests that the Court deny Plaintiffs' motion and requested relief.

## ARGUMENT

Plaintiffs argue that the agency record under review must be "completed" so that it includes information first presented at verification that was rejected by Commerce as untimely. *See generally* Pls. Mot. 1 (asserting that the record under review should be supplemented to include information "submitted at the start" of verification but that was rejected by Commerce). Plaintiffs' arguments ignore the broad discretion afforded to Commerce to set and enforce its regulatory procedures and deadlines. As the information and documents in question were rejected by Commerce—and not considered by the agency in making its final determination— there is no support to Plaintiffs' claim that the record before this Court is somehow lacking and in need of completion. Therefore, this Court should decline to order Commerce to supplement a record that is already "complete."

As an initial matter, Plaintiffs fail to provide any explanation for their decision to wait nearly five months to file the motion to complete the administrative record now at issue. Pursuant to Rule 73.2(b), Commerce filed with the clerk "a *certified list of all items*" presented to or obtained by the agency during the course of the underlying countervailing duty investigation on March 31, 2025. *See* Declaration of Reginald Anadio, Mar. 31, 2025, ECF 27-3. Plaintiffs

2

**Consol. Court No. 25-00025**

did not express any concerns regarding the completeness of the record in either their statement of the issues or in the status report submitted to the Court.  *See* Pls.' Statement of the Issues, Apr. 30, 2025, ECF 33; Joint Status Report and Proposed Briefing Schedule, Apr. 30, 2025, ECF 32.  As the CIT's rules treat the filing of the administrative record as a preliminary matter, *see* USCIT Rule 56.2(a)(5) (requiring the parties to submit a joint status report and proposed briefing schedule "{n}o later than 30 days after the filing of the record with the court"), any concerns regarding the administrative record filed (and certified) by Commerce should have been presented before briefing on the merits commenced.

     Regardless of the timing of Plaintiffs' motion, Plaintiffs' argument that the administrative record should include untimely factual information rejected by the agency is without merit.  Indeed, as detailed below, it cannot be disputed that Commerce is afforded discretion to set and enforce regulatory procedures and deadlines.  *See, e.g.*, *Goodluck India Ltd. v. United States*, 11 F.4th 1335, 1343 (Fed. Cir. 2021) (sustaining Commerce's decision to reject untimely new factual information presented at verification); *Dongtai Peak Honey Indus. Co. v. United States*, 777 F.3d 1343, 1351 (Fed. Cir. 2015) ("The United States Supreme Court has clarified that, 'absent constitutional constraints or extremely compelling circumstances, the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.'" (cleaned up) (quoting *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978)).

     The statute defines the "record for review" as consisting of "all information presented to or obtained by {Commerce} during the course of the administrative proceeding."  19 U.S.C. § 1516a(b)(2)(A)(i).  Commerce's regulations further "define{} what constitutes the official and public records of an antidumping or countervailing duty proceeding."  *Antidumping Duties;*

**Consol. Court No. 25-00025**

*Countervailing Duties*, 61 Fed. Reg. 7,308, 7,312 (Dep't Commerce Feb. 27, 1996). Specifically, Commerce's regulations provide that the record of each proceeding includes "all factual information, written argument, or other material developed by, presented to, or obtained by the Secretary during the course of a proceeding," but "{i}n *no case will the official record include any document that the Secretary rejects as untimely filed*." 19 C.F.R. § 351.104(a) (emphasis added). Analyzing this regulation, this Court has explained:

> {T}hat 'the official record' *will not 'include any document that {Commerce} rejects as untimely filed*.' Likewise, the Preamble to § 351.104 refers to 'submission{s} rejected as untimely.' Accordingly, Commerce's regulations address the agency's ability to reject documents that parties file after a given deadline."

*Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d 1310, 1321 (Ct. Int'l Trade 2018) (emphasis added) (internal citations omitted); *see also SeAH Steel Corp. v. United States*, 659 F. Supp. 3d 1318, 1324 (Ct. Int'l Trade 2023) ("Commerce has broad discretion to fashion its own rules of administrative procedure, including the authority to establish and enforce time limits concerning the submission of written information and data."). As a result, the Federal Circuit has repeatedly held that the agency is afforded discretion in developing the agency record. *See, e.g.*, *PSC VSMPO-AVISMA Corp. v. United States*, 688 F.3d 751, 760 (Fed. Cir. 2012); *Dongtai Peak Honey*, 777 F.3d at 1351.

Furthermore, regarding verification procedures, the Court has explained that "{t}he purpose of verification is for Commerce to '*confirm information previously submitted by a respondent in response to Commerce's requests for information*' while also 'test{ing} information provided by a party for accuracy and completeness.'" *SeAH Steel*, 659 F. Supp. 3d at 1324 (emphasis added) (quoting *Hung Vuong Corp. v. United States*, 483 F. Supp. 3d 1321, 1335-36 (Ct. Int'l Trade 2020)). Thus, "Commerce reasonably may limit its acceptance of new

4

**Consol. Court No. 25-00025**

information at the verification stage to 'minor corrections and clarifications.'" *Id*. (quoting *China Steel Corp. v. United States*, 393 F. Supp. 3d 1322, 1342 (Ct. Int'l Trade 2019)).

Here, Plaintiffs claim that Commerce's rejection as untimely of new factual information presented for the first time at verification was unlawful. Consistent with its standard procedure, Commerce clearly stated in its verification agendas that "verification is not intended to be an opportunity for submission of new factual information" and that new factual information would only be accepted in the limited circumstances when "(1) the need for that information was not evident previously; (2) the information makes minor corrections to information already on the record; or (3) the information corroborates, supports, or clarifies information already on the record." Letter from Commerce to Trade Pacific PLLC, re: *Verification Agenda of SONGA* (July 9, 2024) ("Songa Verification Agenda"), at 2, P.R. 397; Letter from Commerce to Trade Pacific PLLC, re: *Verification Agenda of Santa Priscila S.A.* (July 8, 2024) ("Santa Priscila Verification Agenda"), at 2, P.R. 395. Commerce further explained that it would accept "new factual information" at verification only when the information "makes minor corrections to information already on the record or when information is requested by the verifiers." Songa Verification Agenda at 2, P.R. 397; Santa Priscila Verification Agenda at 2, P.R. 395. Accordingly, the respondents were aware of the parameters set by Commerce and the fact that verification did not present an opportunity to submit otherwise untimely new factual information. Despite this, Plaintiffs still attempted to supplement the record with new information that did not meet the clearly-defined criteria provided in the verification agendas.

Any information that does not meet these criteria may be considered untimely new factual information and will not be considered by Commerce as part of the administrative record in accordance with its regulations. *See* 19 C.F.R. § 351.302. *See also Hor Liang*, 337 F. Supp.

**Consol. Court No. 25-00025**

3d at 1321; *SeAH Steel*, 659 F. Supp. 3d at 1324.  Plaintiffs had many opportunities to correct or clarify information they provided in their initial questionnaires and in supplemental questionnaires issued by the agency prior to verification and failed to do so.  *See Frozen Warmwater Shrimp From Ecuador: Final Affirmative Countervailing Duty Determination*, 89 Fed. Reg. 85,506 (Dep't Commerce Oct. 28, 2024) and accompanying Issues and Decision Memorandum ("IDM") at Comments 15 and 16, P.R. 456.  Commerce then explained this in detail in the verification reports, the Second Post-Prelim memorandum, and in the *Final Determination*.  *See* IDM at Comments 15 and 16, P.R. 456; Memorandum to The File, re: *Second Post-Preliminary Analysis* (Sept. 26, 2024) ("Second Post-Prelim"), at 6-7, P.R. 437.  Therefore, Commerce acted well within its discretion to enforce deadlines and reject Plaintiffs' document packages.  *See Goodluck India*, 11 F.4th at 1343.

     Plaintiffs now urge the Court to reopen the record to include these documents in order to undermine the respective subsidy rates applied by Commerce due to the lack of cooperation from the parties.  However, any information that does not meet the criteria laid out by Commerce in its verification procedures may be considered untimely new factual information and will not be considered by the agency as part of the administrative record in accordance with its regulations.  S*ee* 19 C.F.R. § 351.104(a)(2)(iii) ("In no case will the official record include any document that the Secretary rejects as untimely."); *id.* § 351.302(d) (stating that Commerce "will not consider or retain in the official record" untimely factual information rejected by the agency).  *See also Hor Liang*, 337 F. Supp. 3d at 1321; *SeAH Steel*, 659 F. Supp. 3d at 1324.  Accordingly, the rejected documents are not part of the record of this proceeding and are not relevant to the issue of whether Commerce acted lawfully in rejecting new factual information presented for the first time at verification.  *See, e.g.*, *Goodluck India*, 11 F.4th at 1343 (holding that Commerce acted

**Consol. Court No. 25-00025**

within its discretion in rejecting revisions presented during verification because substantial evidence supported Commerce's determination that the revisions were not minor).

Lastly, Plaintiffs claim that the Court's decision in *Bridgestone Americas Tire Operations, LLC v. United States* "further supports" their motion to complete the agency record because the facts in *Bridgestone*, they claim, are identical to the facts presented in this review. *See* Pls. Mot. At 6-7. A review of that decision makes clear that *Bridgestone* is factually distinct. In *Bridgestone*, the three documents at issue were presented to Commerce by the plaintiff during verification in response to Commerce's request for information to verify inaccuracies that were identified. *See Bridgestone Americas Tire Operations, LLC v. United States*, No. 24-00263, 2025 WL 1872048, at *1-2 (Ct. Int'l Trade July 3, 2025). Commerce officials accepted and reviewed these documents before later rejecting the documents in part or in whole for being "incomplete" or "unacceptable." *See id.* at *2-*5. Commerce's application of AFA was then attributed to the plaintiff's failure to cooperate to the best of its ability during the verification process. *Id.* at *1.

In contrast, Plaintiffs in the instant review contest Commerce's refusal to accept the three document packages at issue as "minor corrections." Plaintiffs attempted to frame their submission as "minor" corrections when the information did not correct information already on the record. *See* IDM at 73, P.R. 456; Second Post-Prelim at 6-7, P.R. 437. The documents were not requested by Commerce to "check the accuracy and completeness of the information provided" in Plaintiffs' questionnaire responses, unlike the fact pattern considered in *Bridgestone*. *See* Songa Verification Agenda, P.R. 397; Santa Priscila Verification Agenda, P.R. 395. Therefore, Commerce expressly rejected these documents because they were not minor in nature and, instead, constituted untimely new factual information.

7

**Consol. Court No. 25-00025**

As such, Plaintiffs have failed to identify any omission from the administrative record of factual information timely filed with Commerce.

## CONCLUSION

For the foregoing reasons, Domestic Producers respectfully request that the Court deny Plaintiffs' motion to complete the agency record.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Zachary J. Walker
Anjelika D. Jani

**PICARD KENTZ & ROWE LLP**
*Counsel to Ad Hoc Shrimp Trade
    Action Committee*

Dated: September 19, 2025

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| **INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br><br>       Plaintiff,<br><br>   and<br><br>**AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br><br>       Consolidated Plaintiff,<br><br>   and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE,**<br><br>       Consolidated Pl.-Intervenor,<br><br>   v.<br><br>**UNITED STATES,**<br><br>       Defendant,<br><br>   and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br><br>       Defendant-Intervenors,<br><br>   and<br><br>**INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br><br>       Consolidated Def.-Intervenors. | Consol. Court No. 25-00025 |

## **PROPOSED ORDER**

Upon consideration of the motion to complete the agency record filed by plaintiffs

Industrial Pesquera Santa Priscila, S.A. and Sociedad Nacional de Galapagos, C.A., the

**Consol. Court No. 25-00025**    2

responses thereto, and all other papers and proceedings had herein, it is hereby

      **ORDERED** that the motion is **DENIED**.

      **SO ORDERED**.

Dated: _____    _____
      New York, New York      The Honorable Richard K. Eaton, Judge