Consl. Court No. 25-00025

_____

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

_____

INDUSTRIAL PESQUERA SANTA PRISCILA FLORIDA,
INC., S.A., SOCIEDAD NACIONAL DE GALAPAGOS,
C.A.,

                                    Plaintiffs,

        v.

UNITED STATES,

                                    Defendant

        and

AMERICAN SHRIMP PROCESSORS ASSOCIATION,

                                    Defendant-Intervenor/
                                    Consolidated Plaintiff,

                and

AD HOC SHRIMP TRADE ACTION COMMITTEE,

                                    Defendant-Intervenor/
                                    Consolidated Plaintiff-Intervenor.

_____

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO COMPLETE THE ADMINISTRATIVE RECORD**

_____

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, Jr.
Assistant Director

OF COUNSEL

VANIA WANG
Senior Attorney
U.S. Department of Commerce
Office of Chief Counsel for
Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, DC 20230-0001

ANNE M. DELMARE
Trial Attorney
Commercial Litigation Branch, Civil Division
P.O. Box 480, Ben Franklin Station
Washington, DC  20044
Telephone: (202) 305-0531
E-mail: Anne.M.Delmare@usdoj.gov

September 20, 2025

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................... ii

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ......................................................................................................................... 6

    I.   Standard Of Review............................................................................................... 6

    II.   Commerce Properly Declined to Include the Documents in the Administrative Record.................................................................................................................... 7

        a.  Legal Frame....................................................................................... 7

        b.  The Administrative Record Is Complete ..............................................8

CONCLUSION ..................................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Acciai Speciali Terni S.P.A. v. United States*,
  120 F. Supp. 2d 1101 (Ct. Int'l Trade 2000) .................................................. 10

*Ammex, Inc. v. United States*,
  62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999)............................................ 6

*Axiom Resource Mgmt., Inc. v. United States*,
  564 F.3d 1374 (Fed. Cir. 2009) ........................................................................ 6

B*ridgestone Ams. Tire Operations, LLC v. United States*, Court No. 24-00263, Slip Op
  2025 Ct. Intl. Trade LEXIS 84 * (Ct. Int'l Trade July 3, 2025) ....................... 13

*Celik Fabrikalari T.A.S. v. United States*,
  357 F. Supp. 3d 1325 (Ct. Int'l Trade 2018) .................................................... 5

*Cooper Kunshan Tire Co. v. United States*,
  539 F. Supp. 3d 1316 (Ct. Int'l Trade 2021) .................................................. 10

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
  140 S. Ct. 1891 (2020) ...................................................................................... 6

*Eregli Demir ve Celik Fabrikalari T.A.S. v. United States*,
  357 F. Supp. 3d 1325 (Ct. Int'l Trade 2018)........................................... 5, 11, 12

*Essar Steel Ltd. v. United States*,
  678 F.3d 1268 (Fed. Cir. 2012) ........................................................................ 6

*Fischer S.A. Comercio v. United States, 34 C.I.T. 334*,
  700 F. Supp. 2d 1364 (2010) ............................................................................ 8

*Giorgio Foods, Inc. v. United States*,
  755 F. Supp. 2d 1342 (Ct. Int'l Trade 2011) .................................................... 6

*Goodluck India Ltd. v. United States*,
  11 F.4th 1335 (Fed. Cir. 2021) ......................................................................... 8

*Guizhou Tyre Co., Ltd v. United States*,
  523 F. Supp. 3d 1312 (Ct. Int'l Trade 2021) .................................................. 11

*In re Section 301 Cases*,
  570 F. Supp. 3d 1306 (Ct. Int'l Trade 2022) ................................................. 6, 7

*Invenergy Renewables LLC v. United States*,
  476 F. Supp. 3d 1323 (Ct. Int'l Trade 2020) .................................................... 6

*Micron Tech. v. United States*,
    117 F.3d 1386 (Fed. Cir. 1997) ................................................................. 10-11

*Nan Ya Plastics Corp. v. United States*,
    810 F.3d 1333 (Fed. Cir. 2016) ..................................................................... 7

*SeAH Steel Corp. v. United States*,
    659 F. Supp. 3d 1318 (Ct. Int'l Trade 2023) ............................................ 8, 12

*Tianjin Machinery Imp. & Exp. Corp. v. United States*,
    353 F.Supp.2d 1294 (Ct. Int'l Trade 2004) ................................................. 8

**REGULATIONS**

19 C.F.R. § 351.104 ............................................................... 4, 9, 10, 11

19 C.F.R. § 351.301 .................................................................. 7, 11, 12

19 C.F.R. § 351.302 ....................................................................... 7, 9

78 Fed. Reg. 21,246, 21,247 ............................................................... 7

89 Fed. Reg. 22,379 ......................................................................... 2

89 Fed. Reg. 85,506 ................................................................... 2, 3, 4

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____

|  |  |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A., SOCIEDAD NACIONAL DE GALAPAGOS, C.A., | ) ) ) ) |
| Plaintiffs/Consolidated Defendant-Intervenors, | ) ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) Consol. Court No. 25-00025 ) |
| and | ) ) |
| AMERICAN SHRIMP PROCESSORS ASSOCIATION, | ) ) ) |
| Defendant-Intervenor/ Consolidated Plaintiff, | ) ) ) |
| and | ) ) |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | ) ) ) ) |
| Defendant-Intervenor/ Consolidated Plaintiff-Intervenor. | ) ) ) ) |

_____ )

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

Pursuant to Rule 7(d) of the Rules of this Court, defendant, the United States, respectfully

submits this opposition to plaintiffs', Industrial Pesquera Santa Priscila S.A. (Santa Priscila)[1] and

---

[1] In the investigation, Commerce found that Manesil S.A., Produmar S.A.(Produmar), Tropical Packing Ecuador S.A. (Tropack), and Egidiosa S.A. (Egidiosa) are cross-owned affiliates for Santa Priscila.  IDM at 1 n.1.

Sociedad Nacional de Galapagos, C.A. (SONGA),[2] motion to "complete"[3] the administrative record.  As we explain below, the Court should deny plaintiffs' motion because the record is already complete and Commerce properly followed its regulations when declining to retain untimely filed information.[4]

## FACTUAL BACKGROUND

On April 1, 2024, Commerce published its preliminary determination in its countervailing investigation covering frozen warmwater shrimp from Ecuador, *Frozen Warmwater Shrimp from Ecuador*, 89 Fed. Reg. 22,379 (Dep't of Commerce Apr. 1, 2024) (prelim. determination) (P.R. 293) and the accompanying Preliminary Decision Memorandum (PDM) (P.R. 283).  Both before and after the issuance of the preliminary determination, Commerce provided plaintiffs with opportunities to report accurate information.  *Frozen Warmwater Shrimp From Ecuador*, 89 Fed. Reg. 85,506 (Dep't of Commerce Oct. 28, 2024) (affirmative final determination) (P.R. 459), and accompanying Issues and Decision Memorandum (IDM) (P.R. 456).  From July 15 to July 17, 2024, Commerce conducted verification of Santa Priscila's responses to the investigation, and from July 22 to July 24, 2024,

---

[2] In the investigation, Commerce found that Naturisa S.A. (Naturisa); Holding Sola & Sola Solacciones S.A. (Sola); and Empacadora Champmar S.A. (Champmar) are cross-owned affiliates for SONGA.  IDM at 1 n.1.

[3] We dispute plaintiffs' characterization of its request to add documents to the existing administrative record as a "completion."  The complete, certified record of the proceedings has already been provided to the Court.  *See* ECF No. 27.  Plaintiffs believe that Commerce should have included on the record the documents at issue (which Commerce reasonably, and within its discretion, declined to do); accordingly, it truly seeks to supplement, rather than complete, the record.

[4] This response addresses only whether the three relevant correction packages, that were found to be untimely filed factual information, should be included in the record for the purposes of judicial review.  The lawfulness of Commerce's determination that the corrections were not minor and its decline to accept these corrections as a consequence as raised in Santa Priscila and SONGA's Rule 56.2 brief will be addressed in the government's Rule 56.2 response brief.

Commerce conducted verification of SONGA's responses. Santa Priscila Verification Report (August 22, 2024) (P.R. 421) (C.R. 314); SONGA Verification Report (August 13, 2024) (P.R. 420) (C.R. 313).

In the verification agendas, Commerce stated plainly that verification is "not intended to be an opportunity for submission of new factual information." Santa Priscila Verification Agenda (July 8, 2024) (P.R. 395) (C.R. 260) at 2; SONGA Verification Agenda (July 9, 2024) (P.R. 397) (C.R. 259) at 2. And "new information will be accepted at verification only when: (1) the need for that information was not evident previously; (2) t*he information makes minor corrections to information already on the record*; or (3) the information corroborates, supports, or clarifies information already on the record." *Id.* (emphasis added). Nevertheless, at the start of verification, plaintiffs presented the following correction package (collectively, the "Unaccepted Documents"):

1.  Santa Priscila presented a correction package, in which it stated that "Produmar officials reported that in Santa Priscila's February 16, 2024, Section III questionnaire response at Exhibit PRO-15, Produmar mistakenly reported motor vehicle tax exemptions received under fiscal year [      ], rather than the year of [      ]. The revised database included [      ] of motor vehicle tax exemptions. Santa Priscila Verification Report at 2.

2.  SONGA officials reported that in SONGA's February 12, 2024, Section III questionnaire response at Exhibit 11 and May 16, 2024, supplemental questionnaire response at Exhibit S2-4(a), they mistakenly reported currency outflow tax (ISD) exemptions on purchases of imported assets and raw materials under the investment contract as received in 2021 instead of the period of investigation (POI). The revised database included [    ] transactions for [    ] imported assets. SONGA Verification Report at 2.

3.  SONGA and Naturisa officials reported that both entities omitted the reporting of vehicle ownership tax exemptions received pursuant to the Motor Vehicle Tax Exemption program. SONGA claimed that it received vehicle tax exemptions on [    ] vehicles and Naturisa claimed that it received vehicle tax exemptions on [    ] vehicles. SONGA Verification Report at 2.

Commerce determined that this information was not minor corrections and amounted to untimely filed new factual information.  P.R. 449 at 2.  Accordingly, Commerce did not accept these correction packages.  *Id.*

Plaintiffs then challenged Commerce's determination not to accept of the correction packages in their case briefs and rebuttal briefs.  Respondents Redacted Case Brief (October 11, 2024) (P.R. 451-452) (C.R. 327) at 67-74; Respondents Redacted Rebuttal Brief (October 11, 2024) (P.R. 453-454) (C.R. 328).  Plaintiffs argued that Commerce should have accepted minor corrections presented at verification, and plaintiffs referenced the unaccepted documents in their briefs to draw quantitative and qualitative conclusions.  *Id.*; Commerce Rejection Letter (October 10, 2024) (P.R. 449); 19 C.F.R. § 351.104(a)(2)(ii)(A).  Commerce rejected plaintiffs' case and rebuttal brief comments because they contained the unaccepted and untimely new information, but Commerce provided the plaintiffs an opportunity to submit redacted versions of their briefs.  P.R. 449 at 2.  Although Commerce rejected the unredacted filings, it retained a copy for the official record "solely for the purpose of establishing and documenting the basis for its rejection, as stipulated in 19 CFR 351.104(a)(2)."[5]  *Id.*  Santa Priscila and SONGA then filed redacted versions of their briefs.  P.R. 451-452; P.R. 453-454.

On October 28, 2024, Commerce published its final determination and accompanying Issues and Decision Memorandum.  P.R. 459; P.R. 456.  In its final determination, Commerce found that its decision not to accept the correction packages at verification was supported by Commerce's practice and by record evidence.  IDM at Comment 15.  Commerce explained:

> {W}hile the verification agenda instructed SONGA to demonstrate the magnitude of changes to quantitative data of a minor correction, this does not mean that the

[5] Pursuant to 19 CFR § 351.104(a)(2)(ii)(A), a case brief that is timely filed but contains new factual information will be rejected but a copy will be retained solely for the purposes of establishing and documenting the basis for rejecting the document.  *See* P.R. 449, Commerce Rejection Letter.

4

> magnitude of the change is necessarily the sole guiding factor in Commerce's decision to either accept or reject a correction in every instance. The verification outline states, "verifiers will examine the errors to determine if they are minor," and does not stipulate potential reasons for a rejection. Further, the Courts have upheld Commerce's decision to not accept minor corrections because of the number of affected transactions and the need to account for different aspects of the transactions.

IDM at 71 (citing *Eregli Demir ve Celik Fabrikalari T.A.S. v. United States*, 357 F. Supp. 3d 1325, 1336 (Ct. Int'l Trade 2018)). Commerce also explained that:

> {T}he revised data is based on numerous transactions and assets, which would have been unduly burdensome to verify on the spot. Therefore, Commerce rejected SONGA's attempt to correct previous information because the correction data is not minor in nature, and therefore constituted untimely new factual information. Furthermore, SONGA's aforementioned reference to Commerce's instruction and whether Commerce should accept its correction to its previously misreported ISD exemption is misplaced. The instructions of Commerce's verification agenda state that verifications are not intended to be an opportunity for submission of new factual information (NFI).

IDM at 71 (citing SONGA Verification Report at 2).

On January 22, 2025, Santa Priscila and SONGA commenced this appeal before this Court. ECF No. 1. On March 31, 2025, Commerce filed the certified Administrative Record Index. ECF No. 27. On August 26, 2025, Santa Priscila and SONGA filed their motion for judgement on agency record and accompanying brief. ECF No. 44. On August 29, 2025, Santa Priscila and SONGA filed a motion to "complete" the record.[6] ECF No. 45 (Pl. Motion).

---

[6] Curiously, plaintiffs argue these documents are necessary for the Court's review, but their motion is made nearly five months after the filing of the administrative record and after having filed their motion for judgment on agency record, which challenges Commerce's determination declining to accept without relying on the unaccepted documents and relying on other information in the record.

## ARGUMENT

### I.    Standard Of Review

"{J}udicial review of agency action is limited to the grounds invoked by the agency when taking the action." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) (citation omitted).  Only "documents and materials directly or indirectly considered by agency decisionmakers" are properly part of the administrative record.  *In re Section 301 Cases*, 570 F. Supp. 3d 1306, 1348 (Ct. Int'l Trade 2022) (quoting *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999).  "The obvious corollary to this rule is that materials that were neither directly *nor* indirectly considered by agency decisionmakers, even if relevant, should not be included in the record."  *Id*. (cleaned up) (emphasis in original).

The Court of Appeals for the Federal Circuit has explained that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Axiom Resource Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  Therefore, supplementation of the record is appropriate in only limited circumstances.  *See, e.g., Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1277-78 (Fed. Cir. 2012) (allowing supplementation when the original record was tainted by fraud or when the agency decision was based on inaccurate data that the agency generating the data indicated were incorrect).

The Court "assumes the record is complete where it has been certified by the agency."  *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1355 (Ct. Int'l Trade 2020) (citing *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (Ct. Int'l Trade 2011)).  Accordingly, the Court should not order materials added to the administrative record "absent

clear evidence to the contrary." *Ammex*, 62 F. Supp. 2d at 1156 (citation omitted). The burden is on the moving party to "put forth concrete evidence and identify reasonable, non-speculative grounds." *In re Section 301 Cases*, 570 F. Supp. 3d at 1348 (quoting *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 9 (D.D.C. 2018) (cleaned up) (alteration in original)).

## II. Commerce Properly Declined to Include the Documents in the Administrative Record

### A. Legal Framework

It is axiomatic that, although "Commerce has authority to place documents in the administrative record that it deems relevant, the burden of creating an adequate record lies with interested parties and not with Commerce." *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1337 (Fed. Cir. 2016) (quoting *QVD Food Co. v. United States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011)). In furtherance of this, Commerce's regulations provide a specific and thorough framework for submitting factual information and state that Commerce "will not consider or retain in the official record of the proceeding . . . untimely filed factual information." 19 C.F.R. § 351.302(d)(1)(i); *see also* 19 C.F.R. § 351.301(c). The purpose of this regulatory framework is to "enable {Commerce} to review and analyze the factual information at the appropriate stage in the proceeding . . . rather than being required to review large amounts of factual information on the record of a proceeding when it is too late to adequately examine, analyze, conduct follow-up inquiries regarding and, if necessary, verify the information." *Definition of Factual Information and Time Limits for Submission of Factual Information*, 78 Fed. Reg. 21,246, 21,247 (Dep't of Commerce Apr. 10, 2013).

Commerce's regulations also address submissions of new factual information by parties to an investigation, with the type of factual information determining the time limit for

submission to Commerce under 19 C.F.R. § 351.301(c).  Pertinent here, 19 C.F.R.
§ 351.301(c)(5) requires that new factual information be submitted either 30 days before the
scheduled date of the preliminary results, or 14 days before verification, whichever is earlier.

As part of the verification process, Commerce allows parties to submit minor corrections
to information already submitted in their questionnaire responses.  Crucially, verification is *not*
an opportunity to submit new factual information or non-minor corrections.  *See Goodluck India
Ltd. v. United States*, 11 F.4th 1335, 1343 (Fed. Cir. 2021) (affirming Commerce's practice "to
accept corrective information at verification only for minor corrections to information already on
the record."); *see also SeAH Steel Corp. v. United States*, 659 F. Supp. 3d 1318, 1324 (Ct. Int'l
Trade 2023).  The Court has agreed, holding that, although Commerce abuses its discretion by
rejecting "corrective information," including submissions "to correct information already
provided {to Commerce}" or to "clarify{y} information already in the record," *Fischer S.A.
Comercio v. United States*, 34 C.I.T. 334, 348, 700 F. Supp. 2d 1364, 1373, 1376 (2010),
verification does not serve to "fill { } gap{s} caused by {a respondent's} failure to provide a
questionnaire response or evidence requested during verification{.}" *Id.* at 1377.  Verification
"is intended to test the accuracy of data already submitted, {not} to provide a respondent with an
opportunity to submit a new response{.}" *Tianjin Machinery Imp. & Exp. Corp. v. United
States*, 353 F.Supp.2d 1294, 1305 (Ct. Int'l Trade 2004), a*ff'd*, 146 Fed. App'x 493 (Fed. Cir.
2005).

### B.  The Administrative Record Is Complete

Plaintiffs argue that, for this Court to reach a decision on whether Commerce's
determination not to accept these documents and the resulting application of "adverse facts
available" (AFA) was supported by substantial evidence, certain documents that are not properly

part of the record should be considered by the Court. *See* ECF No, 46 at 2. Again, these documents include (1) a revised database from SONGA of [    ] transactions for [    ] imported assets to correct mistakenly reported ISD exemptions on purchases of imported assets and raw materials under the investment contract as received in 2021 instead of the POI, (2) SONGA's claimed vehicle tax exemptions on [    ] vehicles and Naturisa claimed vehicle tax exemptions on [    ] vehicles, and (3) a revised database from Produmar including [      ] of motor vehicle exemptions. C.R. 313 at 2; C.R. 314 at 2. The Court should decline to order Commerce to add to the record any of these categories of documents because the administrative record is complete and the documents were not relied on by Commerce in rendering its final determination. Commerce properly followed its regulations in not retaining in the record documents that were deemed untimely filed. *See* 19 C.F.R. § 351.302(d)(1)(i) (Commerce "will not consider or retain in the official record of the proceeding . . . untimely filed factual information.").

    The documents that plaintiffs seek to add to the record were not submitted to Commerce until verification. Commerce's established verification practice, as explained to every company undergoing verification in Commerce's verification agenda, provides that verification is not intended to be an opportunity for submission of new factual information. (P.R. 395) (C.R. 260) at 2; (P.R. 397) (C.R. 259) at 2. In declining to accept the documents, Commerce found the documentation was not minor in nature and constituted untimely new factual information. IDM at 70-71. Pursuant to 19 CFR § 351.104(a)(2)(iii), Commerce did not retain a copy of the documents.[7] The regulation specifies that "{i}n no case will the official record include any

---

[7] Commerce's regulations provide only four scenarios in which Commerce will reject but retain a copy of a rejected document for the purposes of establishing and documenting the basis for rejecting the document. 19 CFR § 351.104(a)(2)(ii). None of the exceptions apply in the circumstances presented in this case. These four scenarios include, "(A) The document, although otherwise timely, contains untimely filed new factual information (see § 351.301(c)); (B) The

document that the Secretary rejects as untimely filed or any unsolicited questionnaire response unless the response is a voluntary response accepted under § 351.109(h) (see § 351.302(d))." 19 CFR § 351.104(a)(2)(iii); *see also Acciai Speciali Terni S.P.A. v. United States*, 120 F. Supp. 2d 1101, 1105 (Ct. Int'l Trade 2000) ("The statute, as read in conjunction with the regulations, does not require the court to expand the administrative record to include untimely questionnaire responses.").

Plaintiffs argue that for proper judicial review, the reviewing court must have access to the unaccepted documents to assess the magnitude of the corrections. Pl. Motion at 4 (citing Respondents Case Brief Rejection Opposition). This argument ignores that Commerce described the correction packages in the verification reports. The verification reports give either an estimate or an exact number of motor vehicle tax exemptions, transactions for imported assets, and vehicles receiving tax exemptions. Santa Priscila Verification Report at 2; SONGA Verification Report at 2. Plaintiffs have not demonstrated that the verification report is insufficient for judicial review of Commerce's determination not to accept the correction packages.

Verification is not an information-gathering exercise. *Cooper Kunshan Tire Co. v. United States*, 539 F. Supp. 3d 1316, 1335-36 (Ct. Int'l Trade 2021) ("The purpose of verification is to verify the accuracy of information already on the record, not to continue the information-gathering stage of the Department's investigation . . . .") (citations omitted). And not all documents reviewed as part of the verification process are made part of the record; the Court has found sufficient to look at the evidence on the record such as the summaries contained

---

submitter made a nonconforming request for business proprietary treatment of factual information (see § 351.304); (C) The Secretary denied a request for business proprietary treatment of factual information (see § 351.304); (D) The submitter is unwilling to permit the disclosure of business proprietary information under APO (see § 351.304)." *Id.*

in the verification report to determine whether the verification results are supported by substantial evidence. *Micron Tech. v. United States*, 117 F.3d 1386, 1397 (Fed. Cir. 1997) ("Because not all the documents reviewed in the verification process are made part of the record, . . . we look instead to whether a reasonable mind might accept the relevant evidence in the record as adequate to support the results of Commerce's verification") (citations omitted). Thus, the proposition that the materials must be on the record for the Court to determine whether Commerce's determination declining to accept the documents is supported by substantial evidence and perform adequate judicial review is incorrect. Moreover, as explained above, the three correction packages at issue here do not fall under a scenario listed in 19 CFR § 351.104(a)(2)(ii) allowing for retention of a copy of a rejected document for the purposes of establishing and documenting the basis for rejecting the document. Commerce found that the contested correction packages constituted new factual information, and Commerce properly did not retain a copy because "{i}n no case will the official record include any document that the Secretary rejects as untimely filed." IDM at 71; 19 CFR § 351.104(a)(2)(iii).

Plaintiffs cite to *Guizhou Tyre Co., Ltd v. United States*, 523 F. Supp. 3d 1312, 1345 (Ct. Int'l Trade 2021), and *Eregli Demir*, 308 F. Supp. 3d at 1327, as support for their request to add the unaccepted documents to the record. Pl. Motion at 5-6. In *Guizhou,* like this case, the plaintiff failed to submit relevant information to Commerce in response to the initial questionnaire within the established timeline, and instead submitted the information just prior to and at verification. *Guizhou* at 1345. The plaintiff argued that the documentation should be included in the record so that it could demonstrate that the corrections were minor. *Id*. The Court held that "{p}ursuant to Commerce's regulations, Commerce is not required to consider or retain in the official record of the proceeding untimely filed factual information." *Id.* citing 19

C.F.R. § 351.302(d); 19 C.F.R. § 351.301(c)(1).  The Court then examined "whether there is substantial evidence in the record to support Commerce's finding that the proffered information . . . did not reflect minor corrections, and, therefore, was properly rejected as new factual information." *Guizhou* at 1345-1346.  The Court was able to determine from the record that one category of rejected information attempted to "fill gaps in the record" and was not "minor corrections." *Id.* at 47-48.  The Court, however, found that Commerce's rejection of at least 40 grants was not supported by substantial evidence because "there is no information on the record to substantiate the number or amount of grants presented" and thus the court could not determine whether Commerce's decision that it was not a minor correction was supported by substantial evidence. *Guizhou* at 1349.

In *Eregli Demir*, the court found that Commerce's rejection of information presented at verification was not supported by substantial evidence because the record contained only Commerce's explanation for the refusal.  308 F. Supp. 3d at 1328.  This is not to say that Commerce's explanation of the unaccepted documents is never sufficient to make a substantial evidence determination.  Indeed, in *Mosaic Co. v. United States*, the Court appears to have sustained Commerce's determination that corrections were not minor based upon the explanation and description in the decision memorandum and verification report.  774 F. Supp. 3d 1362, 1380 (Ct. Int'l Trade 2025).  *See also SeAH Steel*, 659 F. Supp. 3d at 1327 ("SeAH has not established that Commerce exceeded its administrative authority when it both rejected the untimely new information presented at verification but, nevertheless, reflected the contents of that new information and its rationale for rejecting it in the verification report.").

In this case, the verification reports, and therefore the record, contain the information necessary to determine whether Commerce's decision to not accept certain documents as

untimely submitted factual information that was not a minor correction was supported by substantial evidence. Santa Priscila Verification Report at 2; SONGA Verification Report at 2. The description of the unaccepted documents allows the Court to determine whether the corrections were too numerous and did not amount to minor corrections. For example, the ISD exemptions on purchases of imported assets and raw materials presented at verification involve [   ] transactions for [   ] imported assets for an entirely new time frame than was previously addressed. Furthermore, plaintiffs do not explain why the description of the information provided in the record is insufficient for the court's substantial evidence analysis review.

Plaintiffs also cite to *Bridgestone Ams. Tire Operations, LLC v. United States*, Court No. 24-00263, Slip Op. 25-82, 2025 Ct. Intl. Trade LEXIS 84 * (Ct. Int'l Trade July 3, 2025) as support for their motion. Pl. Motion at 6-7. The circumstances in *Bridgestone* are not analogous to this case. In *Bridgestone*, Commerce rejected an account receivables report, a rebate report, and a rebate pivot table that were provided at Commerce's request. *Bridgestone* at *20. The Bridgestone case also involved factual questions surrounding the level of the plaintiff's cooperation, and the Court found that part of the basis of Commerce's rejection was the nature of the unaccepted documents themselves. *Id.*

In this case, Commerce did not accept revised databases for SONGA, Naturisa, and Produmar and explained that "the revised data is based on numerous transactions and assets, which would have been unduly burdensome to verify on the spot." Santa Priscila Verification Report at 2; SONGA Verification Report at 2; IDM at 71. The verification reports give either an estimate or an exact number of motor vehicle tax exemptions, transactions for imported assets, and vehicles receiving tax exemptions. Santa Priscila Verification Report at 2; SONGA Verification Report at 2. As such, unlike in *Bridgestone*, where the Court found that it needed to

13

look at the unaccepted documents themselves to determine whether Commerce had properly decline to accept the documents, here the Court can make a determination based upon the description contained in the verification reports. *Bridgestone* at *20-22. Plaintiffs have not established a reasonable basis for the Court to find that the record is incomplete. Therefore, *Bridgestone* does not support plaintiffs' motion, and plaintiffs fail to explain why the Court is unable to determine from the record whether Commerce's determination (that the corrections were not minor and amounted to untimely filed factual information) is supported by substantial evidence.

## CONCLUSION

For the reasons above, we respectfully request that the Court deny plaintiffs' motion to "complete" the administrative record.

<div style="margin-left:auto">

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, Jr.
Assistant Director

</div>

<div style="float: right;">

/s/ Anne M. Delmare
ANNE M. DELMARE
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation
Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 305-0531
Anne.M.Delmare@usdoj.gov

*Attorneys for Defendant*

</div>

VANIA WANG
Senior Attorney
U.S. Department of Commerce
Office of Chief Counsel for
Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, DC 20230-0001


September 20, 2025

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____

|  |  |  |
|---|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A., SOCIEDAD NACIONAL DE GALAPAGOS, C.A., | ) ) ) ) |  |
| Plaintiffs/Consolidated Defendant-Intervenors, | ) ) ) |  |
| v. | ) ) |  |
| UNITED STATES, | ) ) |  |
| Defendant, | ) ) | Consol. Court No. 25-00025 |
| and | ) ) |  |
| AMERICAN SHRIMP PROCESSORS ASSOCIATION, | ) ) ) |  |
| Defendant-Intervenor/ Consolidated Plaintiff, | ) ) ) |  |
| and | ) ) |  |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | ) ) ) |  |
| Defendant-Intervenor/ Consolidated Plaintiff-Intervenor. | ) ) ) ) |  |

_____ )

## <u>ORDER</u>

Upon consideration of plaintiffs' motion to complete the record, defendant and defendant-intervenors' responses thereto, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion is DENIED.

Dated:_____                    _____
                                             JUDGE

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 20th day of September, 2025, a copy of the foregoing "Defendant's Opposition To Plaintiffs' Motion To Complete The administrative Record" was filed electronically.

X  This filing was served electronically on all parties by operation of the Court's electronic filing system.

/s/ Anne M. Delmare
ANNE M. DELMARE