**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA, S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS,C.A.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>Defendant-Intervenors. | **Consol. Ct. No. 25-00025** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO RESPONSES OF THE DEFENDANT AND THE DEFENDANT-INTERVENORS TO PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

Plaintiffs move for leave to file a reply not to exceed 1,500 words in response to the 31 pages of argument submitted by the Defendant, the Ad Hoc Shrimp Trade Action Committee, and the American Shrimp Processors Association in opposition to Plaintiffs' eight-page motion to complete the record. In this reply, Plaintiffs will demonstrate that the record filed with this Court contains evidence that the Commerce Department's verifiers in fact considered the most significant portions of the three minor corrections document packages that the agency now seeks to exclude from the record by opposing Plaintiffs' motion to complete the record.

It is essential for a full and fair adjudication of the merits of the minor corrections issues that the Plaintiffs have raised that the Court understand that Plaintiffs are not seeking to add to the record at this time any information that Commerce's verifiers never reviewed. Rather, Plaintiffs will demonstrate in their Reply, if the Court grants leave to file it, and provide additional context to show that Commerce's verifiers actually reviewed, at least, the key portion of each minor corrections document package that the Defendants and the Defendant-Intervenors seek to exclude from the record. This additional context will aid the Court to evaluate whether the documents that were not filed by Commerce as part of the administrative record are necessary to evaluate Plaintiffs' claim that Commerce abused its discretion by rejecting the minor correction submitted at verification.

Plainly, <u>any document that Commerce reviewed and relied upon</u> must be included in the administrative record. Plaintiffs will demonstrate that Commerce's review and reliance occurred with respect to each of the three minor corrections at issue. For this reason, Plaintiffs request that the Court grant their motion to complete the record. No prejudice will accrue to the Defendant or to the Defendant-Intervenors if the Court grants this motion for leave to reply since those parties have been fully aware since the Plaintiffs filed their motion to complete the agency record on August 29, 2025 of each document that the Plaintiffs seek to have included in the record, and they have until November 24, 2025 to file their responses on the merits, if any, to the inclusion of those documents in the record.

Case law supports this Court's granting of ADM's motion. For example, in *Hyundai Electric & Energy Systems Co., Ltd. v United States*, 477 F. Supp. 3d 1324 (2020), Hyundai filed a motion to supplement the record. However, the Defendant, United States, and two Defendant-Intervenors filed oppositions to Hyundai's motion. Then, Hyundai filed a motion for leave to file a reply, and the Court granted Hyundai's motion for leave.

The Court explained its reasoning as follows:

> Here, Hyundai's proposed reply brief aids the understanding of the disagreement between the Parties with respect to the circumstances surrounding the presentation of the documents at verification and Commerce's decision not to include them in the verification exhibits.

477 F. Supp. 3d at 1328. The Court then held that the administrative record does not consist solely of "those documents that the agency has compiled and submitted as 'the' administrative record." Rather the record "consists of all documents and materials directly or indirectly considered by agency decision-makers." Id. at 1329. The precise purpose of Plaintiffs' motion for leave in this case is to show that Commerce's verifiers directly considered documents that they are now wrongly attempting to exclude from the record.

In the *Hyundai Electric* case, a Commerce verifier "requested, obtained, and considered" two documents "but did {not} include them in the exhibits to the verification report." Id. at 1330. However, the Court held that "the analyst's consideration of the documents was sufficient to trigger Commerce's obligation to include the documents present to him in the administrative record." Id. Therefore, "without the documents, the record is incomplete." Id. Moreover, "Commerce's

failure to include those documents deprives the court of a credible basis upon which {to} evaluate the Government's contention." Id. at 1331. In addition, "excluding the documents would frustrate meaningful judicial review." Id. Therefore, the court granted Hyundai Electric's motion for leave to file a reply.

The facts in *Hyundai Electric* fully support Plaintiffs' motion here for leave to file a reply.

Respectfully submitted,

/s/ Warren E. Connelly
Warren E. Connelly
Jarrod M. Goldfeder
Kenneth N. Hammer
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C. 20003
(202) 223-3760

Counsel for Industrial Pesquera Santa Priscila S.A. and Sociedad Nacional de Galápagos, C.A.

Dated: September 25, 2025

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

INDUSTRIAL PESQUERA SANTA PRISCILA, S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS,C.A.

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,

Defendant-Intervenors.

**Consol. Ct. No. 25-00025**

**ORDER**

Upon consideration of the Plaintiffs' Motion for Leave to File a Reply and all other papers and proceedings herein, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File a Reply is GRANTED, and it is further

**ORDERED** that, within 10 days of this Order, the Plaintiffs shall file their Reply to the Response of the Defendant and the Defendant-Intervenors to Plaintiffs' Motion to Complete the Agency Record, not to exceed 1,500 words.

**SO ORDERED.**

__________________________
Richard K. Eaton, Senior Judge

Dated: __________
New York, New York