UNITED STATES COURT OF INTERNATIONAL TRADE
Before: The Honorable Richard K. Eaton, Senior Judge

| | |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A., <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br><br> *Defendant-Intervenors.* | Consol. Court No. 25-00025 |

## AMERICAN SHRIMP PROCESSORS ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY

Defendant-Intervenor American Shrimp Processors Association ("ASPA") respectfully submits this response in opposition to the motion of Plaintiffs Industrial Pesquera Santa Priscila S.A. ("Santa Priscila") and Sociedad Nacional de Galápagos C.A. ("SONGA") (collectively, "Plaintiffs"), which seeks leave to file a reply in support of their pending request to "complete" the administrative record in the above-captioned consolidated action. *See* Pls.' Mot. for Leave to File a Reply to Responses of the Def. and the Def.-Intervenors to Pls.' Mot. to Complete the Administrative R., ECF No. 55 (Sept. 25, 2025) ("Pls.' Mot."). For the reasons set forth below, the Court should deny the motion.

The Court's rules distinguish dispositive motions from non-dispositive motions. Dispositive motions are defined to include "motions for judgment on the pleadings; motions for

summary judgment; motions for judgment on an agency record; motions to dismiss an action; and any other motion for a final determination of an action." USCIT R. 7(g). The type of motion dictates the rules and procedures that litigants must follow. For example, the rules establish different briefing deadlines for dispositive and non-dispositive motions. As a general rule, parties have 21 days to file a response to a non-dispositive motion and there is no reply, whereas parties have 35 days to file a response to a dispositive motion and the movant has 21 days thereafter to file a reply. *See* USCIT R. 7(d). For a dispositive motion for judgment on the agency record in an action brought under 28 U.S.C. § 1581(c), parties have 60 days to file a response and the movant has 28 days to file a reply. *See* USCIT R. 56.2(d).

      On August 29, 2025, Plaintiffs filed their motion to complete the administrative record. *See* Pls.' Confidential R. 73.2(b) Mot. to Complete the Agency R., ECF No. 46 (Aug. 29, 2025). Plaintiffs' filing is a non-dispositive motion. *See* USCIT R. 7(g) (excluding motions to complete the administrative record from the definition of dispositive motions). Accordingly, within 21 days after the motion, Defendant and Defendant-Intervenors timely filed written responses to oppose Plaintiffs' request. *See* Def.'s Opp'n to Pls.' Mot. to Complete the Administrative R., ECF No. 53 (Sept. 19, 2025); Am. Shrimp Processors Association's Resp. in Opp'n to Pls.' Mot. to Complete the Agency R., ECF No. 51 (Sept. 17, 2025) ("ASPA Resp."); Ad Hoc Shrimp Trade Action Committee's Resp. in Opp'n to Mot. to Complete the Agency R., ECF No. 52 (Sept. 19, 2025). Plaintiffs insist on having the final say on the matter, but a movant does not have a right to file a reply on a non-dispositive motion. *See* USCIT R. 7(d) and (g); *see also Retamal v. U.S. Customs and Border Protection*, 439 F.3d 1372, 1377 (Fed. Cir. 2006). In fact, the practice comments under USCIT Rule 5 provide a list of papers that the clerk may refuse to accept for filing, and the list includes "a reply to a response to a non-dispositive motion without

leave of court."

While the Court may accept a reply on a non-dispositive motion at its discretion, Plaintiffs have not demonstrated that accepting such a filing here would be appropriate. Plaintiffs had the opportunity to raise all their arguments in the motion. Relying on the decision in *Hyundai Electric & Energy Systems Co., Ltd. v. United States*, 477 F. Supp. 3d 1324 (Ct. Int'l Trade 2020), Plaintiffs assert that a reply will provide "additional context" that they claim "will aid the Court to evaluate whether the documents that were not filed by Commerce as part of the administrative record are necessary to evaluate Plaintiffs' claims that Commerce abused its discretion by rejecting the minor correction submitted at verification." Pls.' Mot. at 2–4. The facts in *Hyundai* are distinguishable and do not support granting Plaintiffs leave to file a reply. In *Hyundai*, Commerce made a factual finding regarding the place of production for a single U.S. sale of subject merchandise, and the plaintiff in the case argued that the record did not include detracting evidence that the agency itself requested and examined at verification. *See Hyundai*, 477 F. Supp. 3d at 1330–31. Here, however, Plaintiffs seek to include materials that were proffered as minor corrections to previously reported data and that were neither requested by Commerce at verification nor used by Commerce in its final determination.

Also, in *Hyundai*, the documents that Commerce obtained at verification were not discussed whatsoever in the memoranda issued in connection with the final results. *Id.* at 1328. In contrast, here, Commerce included a discussion in the verification report and the final decision memorandum that provides the Court with all the information it needs to perform its function and apply the substantial evidence standard of review. It is also worth noting that the Court in *Hyundai* denied the Government's separate request for leave to file a sur-reply because the Government did not submit the proposed sur-reply to show that the filing would aid the Court

3

and that its acceptance would have been an appropriate exercise of the Court's discretion. *Id.* at 1328 n.2. Similarly, Plaintiffs did not include a proposed reply as part of their motion to aid the Court in its consideration of the request. Thus, the facts in *Hyundai* were entirely different and do not support Plaintiffs' motion for leave to file a reply.

 Moreover, this Court's rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1. The Court has previously cited USCIT Rule 1 in denying a movant the opportunity to file a reply on a non-dispositive motion. *See, e.g.*, *Rienzi and Son, Inc. v. United States*, 180 F. Supp. 3d 1349, 1354 (Ct. Int'l Trade 2016) ("Given the long delay and other short-comings with Plaintiff's Motion to Amend, the Court exercises its discretion to deny Plaintiff's Motion for Reply in the interest of a 'just, speedy, and inexpensive determination for every action and proceeding.'"). The administrative record is a preliminary matter that is to be settled at an earlier stage in the case, and Plaintiffs had multiple opportunities to raise their concerns regarding the completeness of the administrative record. *See* ASPA Resp. at 4–6. To date, Plaintiffs have not explained why they filed the original motion *after* their opening brief and nearly *five months* after the filing of the certified administrative record index. This undue delay has prejudiced all other parties, including ASPA, because Plaintiffs are attempting to add materials to the administrative record at a very late stage in the case and while Defendant and Defendant-Intervenors are preparing responses to the merits of Plaintiffs' Rule 56.2 brief. Allowing a reply brief would reward Plaintiffs for their dilatory conduct and would not serve the interests of judicial economy and the conservation of resources. The guiding principle set forth in USCIT Rule 1 thus supports denying Plaintiffs' motion.

For all of these reasons, the Court should deny Plaintiffs' motion for leave to file a reply in support of their belated request to complete the administrative record.

\*        \*        \*

Respectfully submitted,

 /s/ Elizabeth J. Drake
Roger B. Schagrin
Elizabeth J. Drake
Saad Y. Chalchal\*

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to American Shrimp Processors Association*

Dated: September 30, 2025

\*Admitted only in New York and New Jersey. Practice limited to matters before federal courts and agencies.

**CERTIFICATE OF COMPLIANCE**

     I hereby certify that the foregoing submission contains 1,172 words (including text, quotations, footnotes, headings, and attachments). In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

Dated: September 30, 2025                                              /s/ Elizabeth J. Drake
                                                                                                   Elizabeth J. Drake

UNITED STATES COURT OF INTERNATIONAL TRADE
Before: The Honorable Richard K. Eaton, Senior Judge

| | |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A., <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br><br> *Defendant-Intervenors.* | Consol. Court No. 25-00025 |

**ORDER**

Upon consideration of Plaintiffs' motion for leave to file a reply, the responses thereto filed by Defendant and Defendant-Intervenors, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that Plaintiffs' motion is **DENIED**.

**SO ORDERED**.

                                                                                                                                                                                                                       _____
                                                                      Honorable Richard K. Eaton, Senior Judge
                                                                      U.S. Court of International Trade

Dated: _____, 2025
          New York, New York