**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| **INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br>      Plaintiffs,<br>   and<br>**AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br>      Consolidated Plaintiff,<br>   and<br>**AD HOC SHRIMP TRADE ACTION COMMITTEE,**<br>      Consolidated Pl.-Intervenor,<br>   v.<br>**UNITED STATES,**<br>      Defendant,<br>   and<br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br>      Defendant-Intervenors,<br>   and<br>**INDUSTRIAL PESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALÁPAGOS C.A.,**<br>      Consolidated Def.-Intervenors. | Consol. Court No. 25-00025 |

**AD HOC SHRIMP TRADE ACTION COMMITTEE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY**

Defendant-Intervenor, the Ad Hoc Shrimp Trade Action Committee ("Domestic Producers" or "AHSTAC"), respectfully submits this response in opposition to the motion filed

**Consol. Court No. 25-00025**

by Plaintiffs Industrial Pesquera Santa Priscila S.A. ("Santa Priscila") and Sociedad Nacional de Galapagos C.A. ("Songa") (collectively, the "Ecuadorian Respondents") seeking leave to file a reply in support of their motion to "complete" the agency record.[1]  *See* Pls.' Mot. for Leave to File a Reply to Resps. of the Def. and the Def.-Ints. to Pls.' Mot. to Complete the Admin. Record, Sept. 25, 2025 ("Pls.' Mot. for Leave"), ECF 55.  As explained below, Domestic Producers respectfully ask the Court to deny the Ecuadorian Respondents' motion for leave to file a reply because Plaintiffs had the opportunity to provide any necessary "context" to why the factual information rejected by Commerce is needed to evaluate the claims presented by Plaintiffs in its moving papers and because granting Plaintiffs' motion would delay the just, speedy, and inexpensive determination of this action.

## ARGUMENT

It is well-established that the CIT "has discretion to accept a reply brief on a non-dispositive motion."  *Otter Products, LLC v. United States*, 532 F. Supp. 3d 1345, 1349 (Ct. Int'l Trade 2021) (citing *Retamal v. U.S. Customs & Border Protection*, 439 F.3d 1372, 1377 (Fed. Cir. 2006)).[2]  As a motion for leave to file a reply brief effectively seeks to modify the scheduling order (as the Court's rules do not permit replies in support of non-dispositive motions

---

[1] As previously detailed, *see* Ad Hoc Shrimp Trade Action Comm.'s Resp. in Opp'n to Mot. to Complete the Agency Record, Sept. 19, 2025, ECF 52, the certified record filed with the Court is already complete as untimely submitted factual information rejected by the agency is not part of the official agency record.  *See* 19 C.F.R. § 351.302(d) (noting that "the official record of the proceeding" will not include untimely factual information rejected by the agency); *Acciai Speciali Terni S.P.A. v. United States*, 120 F. Supp. 2d 1101, 1104-05 (Ct. Int'l Trade 2000) (explaining that the record "exclude{es}" factual information rejected as untimely and stating that "{t}he statute, as read in conjunction with the regulations, does not require the court to expand the administrative record to include untimely" information rejected by the agency).

[2] A practice comment to Rule 5 of the CIT's rules identifies replies to a response to a non-dispositive motion, filed without leave of court, as among the kinds of papers that the Clerk may refuse to accept for filing.  USCIT R. 5.

2

**Consol. Court No. 25-00025**

absent leave of Court), it should only be granted for good cause.  *See* USCIT R. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

     Ecuadorian Respondents fail to demonstrate good cause that would support modifying the default rule that prohibits replies to non-dispositive motions.  Importantly, rather than explain why the responses to the motion to "complete" the record support the Court granting leave to allow a reply, the Ecuadorian Respondents' claim that any reply brief, if permitted to be filed, would provide "additional context" that "will aid the Court" in its evaluation of whether "the documents that were not filed by Commerce as part of the administrative record are necessary to evaluate" the claims presented in Plaintiffs' motion for judgment on the agency record and the brief submitted in support thereof.  Pls.' Mot. for Leave 2.  But Plaintiffs had the opportunity to provide any such "context" in its motion.  *See Otter Products*, 532 F. Supp. 3d at 1352 (denying motion for leave to file reply when the proposed reply did "not contain any argument that could not have been made" in the movant's motion").  Moreover, Plaintiffs request for leave fails to explain why the issue presented in its motion to "complete" the administrative record cannot already be understood and decided based on the motion and responses already filed and what additional "context" not previously provided is required.

     Granting leave to allow additional motion practice regarding what constitutes the administrative record under review would also be inconsistent with the "just, speedy, and inexpensive determination" of this action.[3]  *See* USCIT R. 1.  While the Ecuadorian Respondents assert that "no prejudice" will accrue if the Court grants leave for Plaintiffs to file a reply, they

---

[3] As noted by the American Shrimp Processors Association, the CIT has previously cited Rule 1 in denying a movant the opportunity to file a reply on a non-dispositive motion.  *See* American Shrimp Processors Association's Resp. in Opp'n to Pls.' Mot. for Leave to File a Reply 4, Sept. 30, 2025 (citing *Rienzi and Son, Inc. v. United States*, 180 F. Supp. 3d 1349, 1354 (Ct. Int'l Trade 2016)), ECF 56.

**Consol. Court No. 25-00025**

admit that granting their motion for leave would delay the Court's consideration of the pending motion to "complete" the record. *See* Pls.' Mot. for Leave at Proposed Order ("Ordered that, within 10 days of this Order, the Plaintiffs shall file their Reply . . . ."). Further delaying a decision on the preliminary question of whether the record is complete to allow the Ecuadorian Respondents to submit a reply would prejudice parties preparing responses to Plaintiffs' Rule 56.2 motion and supporting brief.

    Finally, Plaintiffs' discussion of *Hyundai Electric & Energy Systems Co. v. United States* is unpersuasive. *See* Pls.' Mot. for Leave 3-4 (citing *Hyundai Electric & Energy Systems Co. v. United States*, 477 F. Supp. 3d 1324 (Ct. Int'l Trade 2020)). The party seeking leave to file a reply in *Hyundai Electric* included its proposed reply brief with its motion seeking leave. *See* Pl.'s Mot. for Leave to File Reply to Def.'s Opp'n to Pl.'s Mot. to Suppl. the Record, *Hyundai Electric & Energy Systems Co. v. United States*, No. 20-108 (Ct. Int'l Trade Sept. 14, 2020), ECF 38. Thus, the Court was able to assess whether the proposed reply brief would aid the Court's understanding of the issue. *See Hyundai Electric*, 477 F. Supp. 3d at 1328. Here, Plaintiffs simply declare that their reply will provide "additional context" without explaining what that additional context is or how it will assist in the Court's analysis of whether the administrative record under review needs to be supplemented to include untimely information that was rejected by the agency. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (explaining that judicial review of agency determinations should generally be limited to the "administrative record that was before the Secretary at the time he made his decision").

**Consol. Court No. 25-00025**

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Plaintiffs' motion for leave to file a reply in further support of their motion to complete or supplement the administrative record.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Zachary J. Walker
Anjelika D. Jani

**PICARD KENTZ & ROWE LLP**
*Counsel to Ad Hoc Shrimp Trade
  Action Committee*

October 10, 2025

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| **INDUSTRIAL PESQUERA SANTA PRISCILA S.A.** and **SOCIEDAD NACIONAL DE GALÁPAGOS C.A.**,<br><br>    Plaintiffs,<br><br>   and<br><br>**AMERICAN SHRIMP PROCESSORS ASSOCIATION**,<br><br>    Consolidated Plaintiff,<br><br>   and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE**,<br><br>    Consolidated Pl.-Intervenor,<br><br>   v.<br><br>**UNITED STATES**,<br><br>    Defendant,<br><br>   and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION**,<br><br>    Defendant-Intervenors,<br><br>   and<br><br>**INDUSTRIAL PESQUERA SANTA PRISCILA S.A.** and **SOCIEDAD NACIONAL DE GALÁPAGOS C.A.**,<br><br>    Consolidated Def.-Intervenors. | Consol. Court No. 25-00025 |

**PROPOSED ORDER**

     Upon consideration of the motion filed by Plaintiffs for leave to file a reply in support of their motion to complete the agency record, the responses thereto, and all other papers and

**Consol. Court No. 25-00025**                                                                                              2

proceedings had herein, it is hereby

      **ORDERED** that Plaintiffs' motion for leave to file a reply (ECF 55) is **DENIED**.

      **SO ORDERED**.


Dated: _____        _____
      New York, New York        The Honorable Richard K. Eaton, Judge