UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A., and SOCIEDAD NACIONAL DE GALÁPAGOS C.A., | |
| Plaintiffs, | Consol. Court No. 25-00025 |
| and | Before: Richard K. Eaton, Judge |
| AMERICAN SHRIMP PROCESSORS ASSOCIATION, | |
| Consolidated Plaintiff, | |
| and | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | |
| Consolidated Plaintiff-Intervenor, | |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, and AMERICAN SHRIMP PROCESSORS ASSOCIATION, | |
| Defendant-Intervenors, | |
| and | |
| INDUSTRIAL PESQUERA SANTA PRISCILA S.A., and SOCIEDAD NACIONAL DE GALÁPAGOS C.A., | |
| Consolidated Defendant-Intervenors. | |

# ORDER

Before the court is the Motion to Complete the Record of Plaintiffs Industrial Pesquera Santa Priscila, S.A. and Sociedad Nacional de Galápagos, C.A. ("Plaintiffs"), ECF No. 46. Defendant the United States and Defendant-Intervenors the American Shrimp Processors Association ("ASPA") and the Ad Hoc Shrimp Trade Committee ("Ad Hoc") oppose Plaintiffs' motion. *See* Def.'s Opp'n, ECF No. 54; ASPA Opp'n, ECF No. 51; Ad Hoc Opp'n, ECF No. 52.

Plaintiffs also have filed a Motion for Leave to File a Reply in support of their Motion to Complete the Record, ECF No. 55. The deadline for Defendant's response has been stayed. ECF No. 58. ASPA and Ad Hoc oppose the motion for leave. *See* ASPA Opp'n, ECF No. 56; Ad Hoc Opp'n, ECF No. 59.

By their motion, Plaintiffs ask the court to include in the record for review by the court certain documents that were rejected by the U.S. Department of Commerce ("Commerce") during the underlying administrative proceeding, specifically Exhibits 1 through 6 to the Declaration of Kenneth Hammer, ECF No. 46-1, -2, -3, -4, -5, and -6.

By statute, the record for the court's review includes all "information presented to or obtained by the Secretary . . . during the course of the administrative proceeding." 19 U.S.C. § 1516a(b)(2)(A)(i). Since the documents identified as Exhibits 1 through 6 to the Declaration of Kenneth Hammer were presented to Commerce during the underlying administrative proceeding, they are a part of the record for review by the court. *See Bridgestone Americas Tire Operations, LLC v. United States*, 49 CIT __, __, No. 24-00263, 2025 WL 1872048, at *6 (2025) (Katzmann, J.); *see also Hyundai Elec. & Energy Sys. Co. v. United States*, 44 CIT __, __, 477 F. Supp. 3d 1324, 1330 (2020) (Barnett, J.) ("The record is defined to include all information 'presented or

obtained' by Commerce during an administrative review.") (citing 19 U.S.C. § 1516a(b)(2)(A)(i); USCIT Rule 73.2(a)(1))).

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Complete the Record, ECF No. 46, is GRANTED; it is further

**ORDERED** that, within 14 days of the lifting of the stay in this case, Commerce shall include in the record for review by the court Exhibits 1 through 6 attached to the Declaration of Kenneth N. Hammer, in accordance with the "Alternative Procedure" set forth in USCIT Rule 73.2(b); it is further

**ORDERED** that the words "Rejected and Retained Document" shall be superimposed on each page in the record for review to which that description applies; and it is further

**ORDERED** that Plaintiffs' Motion for Leave to File a Reply, ECF No. 55, is DENIED as moot.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Richard K. Eaton
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

Dated:　　October 20, 2025
　　　　　　New York, New York